GOTTSCHALK v. SCHOCK.

(Supreme Court, Appellate Division, Second Department. January 17, 1899.)

INTOXICANTS—LIQUOR TAX CERTIFICATE—EVIDENCE.

To connect a person as owner or partner in a saloon, in an action for the price of goods delivered there, it is competent to show that a liquor tax certificate was issued in his name, and displayed in the saloon.

Appeal from trial term.

Action by Abraham Gottschalk against Jacob Schock and Elizabeth Schock to recover a balance of the value of goods alleged to have been sold and delivered by plaintiff to defendants, as "co-partners and proprietors and joint owners of a liquor saloon." After completion of plaintiff's case, the court dismissed the complaint as against Elizabeth Schock, and plaintiff appeals. Reversed.

To show that Elizabeth Schock was connected with the saloon, plaintiff offered evidence of her admissions of liability as owner, and also of a liquor tax certificate in her name, which was displayed in the saloon. The latter testimony was excluded as incompetent and immaterial. Plaintiff, after notice to defendant to produce the original certificate, offered to prove it by secondary evidence,—by the testimony of the county treasurer, who was not then present nor called as a witness, and by defendant's application for the certificate,—which offers were excluded for the same reason.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry Morris Haviland, for appellant.
A. T. Payne, for respondent.

GOODRICH, P. J. We think it was error to exclude the testimony as to the liquor license; and inasmuch as that evidence, coupled

with the testimony as to Mrs. Schock's admissions of her relation to the store, would have required a submission of the case to the jury, the judgment must be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.